## Joseph Frankel et al., Appellees, v. Sol C. Salzenstein, Appellant.

### Gen. No. 21,946.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed March 27, 1916. Rehearing denied April 10, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Joseph Frankel and others, plaintiffs, against Sol C. Salzenstein, defendant for excess of advances, over amount due defendant for commissions which he was alleged to be obligated to repay under the contract of employment. From a judgment in favor of plaintiffs, defendant appeals.

The contract commenced to run March 9, 1909, and ended February 28, 1910. It was claimed on behalf of defendant that plaintiffs wrongfully discharged him before the end of the contract, but there was evidence to the effect that at a meeting between defendant and plaintiffs in December, 1909, or possibly January, 1910, defendant proposed "to quit," to which plaintiffs agreed.

DAVID R. LEVY and DOUGLAS C. GREGG, for appellant.

SILVER, ISAACS, SILVER & WOLEY, for appellees; MARTIN J. ISAACS and JAMES D. WOLEY, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 50*—*when evidence sufficient to sustain finding that servant not wrongfully discharged.* In an action against a traveling salesman for the excess of advances over commissions earned, evidence *held* sufficient to establish that defendant was not wrongfully discharged, and that he quit under an agreement.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when sufficiency of statement of claim admitted.* Upon the question of competency of evidence to support the judgment in an action for the repayment of the excess of plaintiffs' advances over commissions due defendant as a salesman, where plaintiffs' statement of claim alleges advances to defendant which defendant's affidavit of merits admit, and further states the amount of orders upon which defendant is entitled to commissions, and where defendant did not avail himself of the provisions of rules of the Chicago Municipal Court whereby he could have questioned the correctness of such statement or be excused for cause from a specific answer, *held* that the correctness of plaintiffs' statement of the account was admitted and it was unnecessary to make detailed proof thereof.